# United States Bankruptcy Court
## District of Minnesota

| | |
|---|---|
| In re Maurice William Johnson and Maureen Kathryn Johnson,<br><br>Debtors. | Case No. 09-30036-DDO<br>Chapter 7 |
| Stewart Plumbing, Inc,<br><br>Plaintiff,<br><br>v.<br><br>Maurice William Johnson and Maureen Kathryn Johnson,<br><br>Defendants. | Adv. Proc. No. _____<br><br>COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT |

Plaintiff Stewart Plumbing, Inc., by and through its attorneys, states and alleges as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. § 1334.

2. This adversary proceeding is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I).

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409.

### Parties

4. Plaintiff Stewart Plumbing, Inc. is a corporation organized and existing under the laws of the State of Minnesota.

5. Defendant Maurice William Johnson is an individual resident of the State of Minnesota.

6. Defendant Maureen Kathryn Johnson is an individual resident of the State of Minnesota.

**Factual Background**

7. The Defendants are, or during the relevant time period were, the shareholders, officers, directors and/or agents of M.W. Johnson Construction, Inc. ("M.W. Johnson").

8. M.W. Johnson is, or was during the relevant time period, a real estate developer.

9. M.W. Johnson is, or was during the relevant time period, a licensed residential building contractor as defined by Minnesota Statutes.

10. Plaintiff is engaged in business as a plumbing subcontractor that provides labor, skill, and materials for the building or improvement of real property, within the meaning of Minn. Stat. § 514.01, et seq.

11. M.W. Johnson hired Plaintiff to provide plumbing labor and materials for the improvement of the residential real property located at 19864 Iberis Avenue in Lakeville, Minnesota.

12. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 19880 Iberis Avenue in Lakeville, Minnesota.

13. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 237 Arabian Avenue East in Lakeville, Minnesota.

14. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 9371 Giffort Court in Monticello, Minnesota.

15. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 805 Tanager in Mankato, Minnesota.

16. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 19698 Idealic Avenue in Lakeville, Minnesota.

17. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 20665 Keystone Avenue in Lakeville, Minnesota.

18. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 156 Pottok Lane in Shakopee, Minnesota.

19. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 3100 212th Street West in Farmington, Minnesota.

20. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 23410 Water Lane in Hampton, Minnesota.

21. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 1128 Bridle Creek in Jordan, Minnesota.

22. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 20641 Fruitwood Path in Lakeville, Minnesota.

23. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 9406 Golden Pond Lane in Monticello, Minnesota.

24. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 144 Pottok Lane in Shakopee, Minnesota.

25. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 1730 Wyndam in Shakopee, Minnesota.

26. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 144 Arabian Avenue East in Shakopee, Minnesota.

27. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 1007 Grand Avenue Southwest in Lonsdale, Minnesota.

28. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 1353 Prairie View Trail in Farmington, Minnesota.

29. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 2880 Wyndam in Shakopee, Minnesota.

30. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 19876 Iberis Avenue in Lakeville, Minnesota.

31. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 282 Arabian Avenue East in Shakopee, Minnesota.

32. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 23420 Water Lane in Hampton, Minnesota.

33. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 6634 Oakleaf Court in Monticello, Minnesota.

34. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 19880 Itea Avenue in Lakeville, Minnesota.

35. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 1208 10th Avenue North in Minneapolis, Minnesota.

36. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 1004 1st Street in Farmington, Minnesota.

37. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 1204 10th Avenue North in Minneapolis, Minnesota.

38. M.W. Johnson hired Plaintiff to provide plumbing labor, skill, and materials for the improvement of the residential real property located at 904 10th Avenue North in Minneapolis.

39. The residential real properties referenced in paragraphs 11 through 38 are referred to herein collectively as the "Properties."

40. Plaintiff provided plumbing labor and materials for the improvement of the Properties, as it was hired to do by M.W. Johnson.

41. Upon information and belief, payments were made to M.W. Johnson for the improvements to each of the Properties.

42. M.W. Johnson failed to use the proceeds of said payments to pay Plaintiff for the labor, skill and material that Plaintiff contributed to the improvements of each of the Properties.

43. M.W. Johnson knew that the cost of the labor, skill and material that Plaintiff contributed to the improvements of the Properties remained unpaid, and that it continues to remain unpaid.

44. M.W. Johnson did not furnish the makers of said payments with valid lien waivers or with payment bonds covering the amounts owed to Plaintiff for the cost of the labor, skill and material that Plaintiff contributed to the improvements of the Properties.

45. M.W. Johnson owes Plaintiff a total of $190,773.77 for the labor, skill, and materials Plaintiff contributed to the Properties.

46. Said amount is non-dischargeable.

47. The Properties referenced in paragraphs 14, 16 through 19, 21 through 24, 26, and 35 (the "Mechanic's Lien Properties") are the subject of active mechanic's lien cases in the Minnesota state courts, and Plaintiff may recover, in those actions, a portion of the debts it is seeking to have declared non-dischargeable.

### Count I
### Non-Dischargeability as Embezzlement under 11 U.S.C. § 523(a)(4)

Plaintiff realleges and incorporates by reference each of the preceding allegations.

48. M.W. Johnson has committed statutory theft under Minnesota Statutes section 514.02.

49. Defendants had control over the actions of M.W. Johnson, and are responsible for M.W. Johnson's statutory theft.

50. Defendants have therefore also committed statutory theft under Minnesota Statutes section 514.02, and are personally liable, jointly and severally, for amounts due and owing to Plaintiff.

51. Defendants, and M.W. Johnson, were required by Minn. Stat. § 514.02 to hold the payments that they received for the Properties in trust for the benefit of those that contributed labor, skill, and materials to the improvement of the Properties, including Plaintiff.

52. Defendants, and M.W. Johnson, failed to hold said payments in trust for Plaintiff.

53. Said failure constitutes embezzlement under 11 U.S.C. § 523(a)(4).

54. Defendants' debt to Plaintiff is non-dischargeable under 11 U.S.C. § 523(a)(4) in the amount of $190,773.77.

55. In addition, Plaintiff is entitled to an award of its attorney fees pursuant to the underlying state law, Minnesota Statutes section 514.02.

## Count II
## Non-Dischargeability as Willful and Malicious Injury under 11 U.S.C. § 523(a)(6)

Plaintiff realleges and incorporates by reference each of the preceding allegations.

56. In disposing of the Properties and not holding the proceeds in trust for Plaintiff, Defendants have converted property of Plaintiff.

57. Defendants' actions were willful and malicious.

58. Defendants' actions have caused injury to Plaintiff and its property.

59. Defendants' debt to Plaintiff is non-dischargeable under 11 U.S.C. § 523(a)(6) in the amount of $190,773.77.

60. In addition, Plaintiff is entitled to an award of its attorney fees pursuant to the underlying state law, Minnesota Statutes section 514.02.

### Prayer for Relief

WHEREFORE, based on Defendants actions as herein described, Plaintiff prays for the following relief:

1. Judgment of the Court in favor of Plaintiff and against Defendants in the amount of $190,773.77, plus attorney fees in an amount to be proved by Plaintiff.

2. A finding that said amount is not discharged in Defendants' bankruptcy, by virtue of both Count I and Count II.

3. All other just and proper relief.

**CHRISTENSEN & LAUE, P.A.**

Dated: 4/13/2009    By: _____
Susanne M. Glasser (#0272978)
Charles A. Delbridge (#0386639)
5101 Vernon Avenue South
Suite 400
Minneapolis, Minnesota 55436
Telephone: (952) 927-8855

**ATTORNEYS FOR PLAINTIFF**