# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                          Case No. 09-30036 (DDO)
                                                Chapter 7
Maurice William Johnson, and
Maureen Kathryn Johnson,

                    Debtors.

---

Stewart Plumbing, Inc.,

                    Plaintiff,

          v.                                    Adv. No. 09-3067

Maurice William Johnson, and
Maureen Kathryn Johnson,

                    Defendants.

---

## ANSWER AND AFFIRMATIVE DEFENSES TO STEWART PLUMBING, INC.'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

As and for their Answer to Plaintiff's Complaint To Determine Dischargeability of Debt ("Complaint") herein, Maurice William Johnson ("Mr. Johnson"), and Maureen Kathryn Johnson ("Mrs. Johnson") (collectively "Defendants") hereby state and allege as follows:

1.      Defendants admit paragraph 1 of the Complaint.

2.      Defendants admit paragraph 2 of the Complaint.

3.      Defendants admit paragraph 3 of the Complaint.

4.      Defendants admit paragraph 4 of the Complaint.

5.      Defendants admit paragraph 5 of the Complaint.

6.      Defendants admit paragraph 6 of the Complaint.

7.      Defendants admit paragraph 7 of the Complaint.

8.      Defendants admit paragraph 8 of the Complaint.

9.      Defendants admit paragraph 9 of the Complaint.

10.      Defendants admit paragraph 10 of the Complaint.

11.      Defendants admit paragraph 11 of the Complaint.

12.      Defendants admit paragraph 12 of the Complaint.

13.      Defendants admit paragraph 13 of the Complaint.

14.      Defendants admit paragraph 14 of the Complaint.

15.      Defendants admit paragraph 15 of the Complaint.

16.      Defendants admit paragraph 16 of the Complaint.

17.      Defendants admit paragraph 17 of the Complaint.

18.      Defendants admit paragraph 18 of the Complaint.

19.      Defendants admit paragraph 19 of the Complaint.

20.      Defendants admit paragraph 20 of the Complaint.

21.      Defendants admit paragraph 21 of the Complaint.

22.      Defendants admit paragraph 22 of the Complaint.

23.      Defendants admit paragraph 23 of the Complaint.

24.      Defendants admit paragraph 24 of the Complaint.

25.      Defendants admit paragraph 25 of the Complaint.

26.      Defendants admit paragraph 26 of the Complaint.

27.      Defendants admit paragraph 27 of the Complaint.

28.      Defendants admit paragraph 28 of the Complaint.

29.      Defendants admit paragraph 29 of the Complaint.

30.      Defendants admit paragraph 30 of the Complaint.

31.    Defendants admit paragraph 31 of the Complaint.

32.    Defendants admit paragraph 32 of the Complaint.

33.    Defendants admit paragraph 33 of the Complaint.

34.    Defendants admit paragraph 34 of the Complaint.

35.    Defendants admit paragraph 35 of the Complaint.

36.    Defendants admit paragraph 36 of the Complaint.

37.    Defendants admit paragraph 37 of the Complaint.

38.    Defendants admit paragraph 38 of the Complaint.

39.    Paragraph 39 of the Complaint does not require an admission or denial, but to the extent it does require an admission or denial, Defendants deny paragraph 39 of the Complaint.

40.    Defendants admit paragraph 40 of the Complaint.

41.    Defendants deny paragraph 41 of the Complaint.

42.    Defendants deny paragraph 42 of the Complaint.

43.    Defendants admit paragraph 43 of the Complaint.

44.    Defendants admit paragraph 44 of the Complaint.

45.    Defendants deny paragraph 45 of the Complaint.

46.    Defendants deny paragraph 46 of the Complaint.

47.    Defendants lack information sufficient to admit or deny paragraph 47 of the Complaint, and, therefore, deny paragraph 47 of the Complaint.

48.    Defendants deny paragraph 48 of the Complaint.

49.    Defendants deny paragraph 49 of the Complaint.

50.    Defendants deny paragraph 50 of the Complaint.

51.    Defendants deny paragraph 51 of the Complaint.

52.     Defendants admit paragraph 52 of the Complaint, and state that they are not required to hold the payments in trust for Plaintiff.

53.     Defendants deny paragraph 53 of the Complaint.

54.     Defendants deny paragraph 54 of the Complaint.

55.     Defendants deny paragraph 55 of the Complaint.

56.     Defendants deny paragraph 56 of the Complaint.

57.     Defendants deny paragraph 57 of the Complaint.

58.     Defendants deny paragraph 58 of the Complaint.

59.     Defendants deny paragraph 59 of the Complaint.

60.     Defendants deny paragraph 60 of the Complaint.

61.     Unless specifically admitted, Defendants deny each and every allegation in the Complaint.

## <u>AFFIRMATIVE DEFENSES</u>

As and for their affirmative defenses herein, Defendants allege and state as follows:

1.      Plaintiff has failed to state a cause of action for which relief can be granted.

2.      Plaintiff's allegations are subject to the defenses of setoff and recoupment.

3.      Plaintiff's allegations are subject to the equitable defenses of laches, estoppel, and waiver.

4.      Plaintiff's allegations are barred by, limited by, and/or subject to contractual agreement between the parties.

5.      To the extent Plaintiff was damaged, if at all, such damages were caused by the actions of third parties over whom the answering Defendants had no control.

WHEREFORE, Defendants pray that this Court enter judgment as follows:

(a)     Plaintiff's Complaint be dismissed with prejudice, in favor of Defendants; and

(b)     Defendants be awarded their costs, disbursements and attorneys' fees herein; and

(c)     This Court grant such further and additional relief as it deems just and equitable.


Dated:  May 15, 2009          /e/ Alan E. Brown
                              Alan E. Brown (319545)
                              Thomas J. Flynn (30570)
                              Larkin Hoffman Daly & Lindgren Ltd.
                              1500 Wells Fargo Plaza
                              7900 Xerxes Avenue South
                              Minneapolis, Minnesota 55431-1194
                              952-835-3800

                              Attorneys for Defendants

1253024.1

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                          Case No. 09-30036 (DDO)
                                                Chapter 7
Maurice William Johnson, and
Maureen Kathryn Johnson,

                    Debtors.

Stewart Plumbing, Inc.,

                    Plaintiff,

                    v.                          Adv. No. 09-3067

Maurice William Johnson, and
Maureen Kathryn Johnson,

                    Defendants.

## CERTIFICATE OF SERVICE

     Under penalty of perjury, the undersigned hereby declares that on May 15, 2009, in connection

with the above-referenced adversary proceeding, the following document:

1. Answer and Affirmative Defenses to Stewart Plumbing, Inc.'s Complaint to Determine
   Dischargeability of Debt

was filed by ECF, and served by U.S. Mail on the following:

Susanne M. Glasser, Esq.
Christensen & Laue, P.A.
Suite 400
5101 Vernon Avenue South
Minneapolis, MN 55436

Dated:  May 15, 2009          /e/ Alan E. Brown
                              Alan E. Brown (319545)
                              Larkin Hoffman Daly & Lindgren Ltd.
                              1500 Wells Fargo Plaza
                              7900 Xerxes Avenue South
                              Minneapolis, Minnesota 55431-1194
                              952-835-3800

                              Attorneys for Defendants